IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROWMOND BROWN,

    Petitioner,

    v.

R. GROUNDS, Warden,

    Respondent.

No. C 12-1714 WHA (PR)

**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

(Docket Nos. 12, 13)

    Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254. The petition sets forth seven claims. The parties agree that on appeal in the state courts, petitioner did not assert in his sixth claim that federal law was violated. Petitioner has filed a motion to amend his sixth claim to assert a violation of his federal constitutional right to due process, and a motion to stay this case while he exhausts the new grounds for his claim in this state courts. The due process claim that petitioner wishes to exhaust is potentially meritorious, and he has shown cause for his failure to exhaust it prior to arriving in federal court, namely his appellate lawyer's failure to raise the claim, his lack of legal training or understanding that would inform him that the federal basis for his claim had not been asserted, and his lack of access to legal assistance while incarcerated. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005).

The motions to amend the petition and for a stay are **GRANTED** (dkt. 12, 13). This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims. Such notice must identify the claims that have been exhausted and the claims that he wishes to pursue.

If either condition of the stay is not satisfied, this court may vacate the stay and act on only the six exhausted federal claims. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: October    11   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\BROWN1714.STYGRANT.wpd

2